**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **RAYMOND H. KIMBLE, III** | **DOCKET NO. 25-cv-00554**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U.S. MARSHAL SERVICE, ET AL.** | **MAGISTRATE JUDGE LEBLANC** |

# REPORT AND RECOMMENDATION

Before the court is a complaint by plaintiff Raymond H. Kimble, III, who is proceeding *pro se* and *in forma pauperis* in this matter. Kimble's complaint relates to the disclosure and release of records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552(a) related to his April 20, 2016 arrest. He is incarcerated at Allen Correctional Center in Kinder, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## I. Factual Background

Plaintiff filed the instant complaint naming as defendants the U.S. Department of Justice, the U.S. Marshals Service, Charlotte M Luckstone, in her official capacity as Assistant Deputy General Counsel, and Priscilla Jones, in her official capacity as Supervisory Administrative Specialist. The complaint is characterized as an action under the Freedom of Information Act, 5 U.S.C. § 552, in conjunction with the Privacy Act, 5 U.S.C. § 552(a), whereby plaintiff seeks documents related to his April 20, 2016 arrest by the United States Marshal Service.

## II. Law and Analysis

### *A. Frivolity Review*

Kimble has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### *B. Parties Subject to Dismissal*

In addition to the federal agencies, Plaintiff has named Charlotte M Luckstone and Priscilla Jones as defendants. However, only federal agencies are proper party defendants in FOIA litigation. *See* 5 U.S.C.A. § 552(a)(4)(B) (granting district courts "jurisdiction to enjoin the agency from withholding agency records improperly withheld from complainant"); 5 U.S.C.A. § 552(f)(1) (defining the term "agency"). Consequently, neither the agency head nor other agency officials are proper parties to a FOIA suit. *See Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) ("Neither the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency.")

Accordingly,

**IT IS RECOMMENDED THAT** claims against Charlotte M Luckstone and Priscilla Jones[1] should be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in chambers this 28th day of September, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE

[1] Claims against the United States Department of Justice and the United States Marshal Service are addressed in a separate order.